FOR PUBLICATION

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS & ST. JOHN

|  |  |  |
|---|---|---|
| CABRITA POINT DEVELOPMENT, INC. f/k/a K.R. DEVELOPMENT CORP., | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | |
| WILLIAM HOUSTON EVANS and JAMES ALDERMAN EVANS, JR, their heirs, successors, representatives and assigns, and all other persons unknown claiming any right, title, or interest in Parcel No. 6D-8 Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, U.S. Virgin Islands, | ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 2006-103 |
| Defendants. | ) ) | |
| WILLIAM HOUSTON EVANS, individually, and TEWATENNIETHA EVANS, as trustee for the JAMES A. EVANS FAMILY REVOCABLE TRUST, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| CABRITA POINT DEVELOPMENT, INC. f/k/a K.R. DEVELOPMENT CORP., it heirs, successors, representatives and assigns, and CABRITA GRAND ESTATES, LLC, it heirs, successors, representatives and assigns, and FIRST BANK PUERTO RICO, and all other persons unknown claiming any right, title, estate, lien, or interest in Parcel No. 6D-8 Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, U.S. Virgin Islands, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 2006-109 |
| Defendants. | ) ) | |

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 2

**APPEARANCES:**

**James Bernier Jr. Esq.,**
**St. Thomas, U.S.V.I.**
       *For William Houston Evans, Tewatennietha Evans, and the*
*James A. Evans Family Revocable Trust*

**Susan Bruch Moorehead, Esq.,**
**St. Thomas, U.S.V.I.**
       *For Plaintiff Cabrita Point Development, Inc. f/k/a K.R.*
*Development Corp.*

**Mark T. Hodge, Esq.,**
**St. Thomas, U.S.V.I.**
       *For Cabrita Grand Estates*,

**Kyle Waldner, Esq.**
**St. Thomas, U.S.V.I.**
       *For Plaintiff Cabrita Point Development, Inc. f/k/a K.R.*
*Development Corp.,*

<u>**MEMORANDUM OPINION**</u>

       Before the Court is the motion of William Houston Evans

("William Evans") and Tewatennietha Evans as trustees for the

James A. Evans Family Revocable Trust (the "Trust")

(collectively, the "Evans") for summary judgment on Cabrita

Point's claims.  The Evans also move for Summary Judgment on

their claims against Cabrita Point.  At the conclusion of the

hearing on the motion the Court ruled in favor of the Evans. This

memorandum opinion memorializes the Court's ruling.[1]

_____

       [1] Following their summary judgment motion, the Evans also filed a motion
to deem conceded the summary judgment motion.  That motion was denied at the
hearing.
       In addition, defendant Cabrita Grand Estates, LLC ("Cabrita Grand")
filed a motion to dismiss with prejudice Cabrita Point's cross claim.  The
cross claim sought indemnity from Cabrita Grand against any award ultimately
given to the Evans in this matter.  It seems the indemnity claim is based on
the doctrine of equitable estoppel.  In order to prevail on an equitable
estoppel claim, "a party must show (1) a material representation, (2)

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 3

## I. FACTUAL AND PROCEDURAL HISTORY

In a deed dated November 26, 1976, and recorded December 9, 1976 (the "1976 Deed"), the Evans took title to Parcel No. 6, Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, U.S. Virgin Islands, as shown on PWD-No. G9-549-T60 (the "Parcel").

On April 27, 1982, the Evans conveyed to Peninsula Development Limited Partnership ("Peninsula") Remainder Parcel 6D Estate Nazareth, No. 1 Red Hook Quarter St. Thomas, U.S. Virgin Islands, as shown on PWD No. D9-2083-T82 (the "1982 Map"). The deed documenting the transfer of the property was recorded on August 13, 1982, at Book 23-V, Page 15, Document No. 2951 (the "1982 Deed"). The 1982 Map reflects that Remainder Parcel 6D and Parcel 6D-8 are separate parcels.

On May 9, 1984, Peninsula conveyed title to Remainder Parcel 6D, as shown in the 1982 Map, by warranty deed ("1984 Deed") to K.R. Development Corp., now Cabrita Point. Parcel 6D-8 was not listed in the 1984 Deed.

Thereafter, on January 9, 1985, the Evans transferred parts of Parcel 6 to K.R. Development. Specifically, the Evans transferred Parcels 6D-6, 6D-7, 6O, 6P, and 6G Estate Nazareth,

---

reasonable reliance upon that representation, and (3) damage resulting from that representation." *Gridley v. Cleveland Pneumatic Co.*, 924 F.2d 1310, 1319 (3d Cir. 1991)(citing *Pane v. RCA Corp.*, 868 F.2d 631, 638 (3d Cir. 1989)). At the hearing, the Court found that Cabrita Point has failed to state a claim upon which it would be entitled to relief. As such, for the reasons more fully stated at the hearing, Cabrita Grand's motion to dismiss will be granted.

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 4

No. 1 Red Hook Quarter, St. Thomas.  This deed was recorded on
March 19, 1985.

Subsequent to the above conveyances, various transactions
occurred encumbering Parcel 6D-8.  On June 23, 2004, Cabrita
Point, by warranty deed, purported to convey title to Parcel 6D-8
to Cabrita Grand Estates, LLC ("Cabrita Grand").  On July 9,
2004, Cabrita Grand signed a first priority mortgage on Parcel
6D-8 in favor of First Bank Puerto Rico.  On that same day, a
second priority mortgage in favor of Cabrita Point was also
signed by Cabrita Grand.

On August 19, 2004, James Evans, Jr. and Tewatennietha Evans
conveyed title to Parcel 6D-8 by quit claim deed ("2004 Deed") to
the James A. Evans Family Revocable Trust.  The 2004 deed was
recorded on April 19, 2006.

The Evans continued to pay taxes for Parcel No. 6 Estate
Nazareth.  Parcel 6D-8 is an undeveloped and overgrown lot.  No
permanent structures have been erected on Parcel 6D-8.

On March 3, 2006, Cabrita Point filed a five-count complaint
against the Evans.  In its complaint, Cabrita Point alleged
claims of adverse possession, bad faith slander of title, and
deliberate interference with contractual relations.  Cabrita
Point also sought to quiet title and to obtain a declaratory
judgment with regard to Parcel 6D-8.  The Evans filed an answer
to Cabrita Point's complaint in which they raised four
counterclaims.  Similar to Cabrita Point's claims, the Evans

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 5

sought to quiet title and to obtain a declaratory judgment with regard to the ownership of Parcel 6D-8.  The Evans also alleged counterclaims of bad faith slander of title and deliberate interference with contractual relations.  That action was captioned under Civ. No. 2006-103.

Thereafter, on July 12, 2006, the Evans filed a separate action in this Court, captioned at Civ. No. 2006-109, alleging identical claims to their counterclaims in Civ. No. 2006-103.

The Evans now move for summary judgment on all of Cabrita Point's claims in Civ. No. 2006-103, and all of their claims in Civ. No. 2006-109.  Cabrita Point failed to file a timely opposition to the motion for summary judgment.  For the reasons stated below, the Evans motion will be granted in part and denied in part.

## II. DISCUSSION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there are no "genuine issues of material fact," but once this burden is met the non-moving party must establish specific facts showing there

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 6

is a genuine issue for trial.  *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  In making this determination, the Court draws all reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002).

### III. ANALYSIS

### A. Adverse Possession

The Evans have moved for summary judgment on Cabrita Point's adverse possession claim.  In the Virgin Islands a party acquires title to property through adverse possession where that party establishes:

> uninterrupted, exclusive, actual and physical adverse, continuous, notorious possession of real property under claim or color of title for 15 years or more . . . .

V.I. CODE ANN. tit. 28, § 11.

Under Virgin Islands law, a party claiming adverse possession must show ownership that is "evidenced by such conduct as is sufficient to put a man of ordinary prudence on notice of the fact that the land in question is held by the claimant as his own." *Netsky v. Sewer*, 205 F. Supp. 2d 443, 460 (D.V.I. 2002). Such conduct is evidenced by paying taxes, constructing buildings, or making improvements on the property.  *See id.*

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 7

(quoting *McNamara v. Christian*, 26 V.I. 109, 112-113 (Terr. Ct. 1991)).  The claimant must prove by clear and convincing evidence the elements of an adverse possession claim. *Netsky*, 205 F. Supp. 2d at 459 (citing *McNamara*, 26 V.I. at 112).

The Evans argue that Cabrita Point cannot satisfy the elements for an adverse possession claim.  Specifically, the Evans argue that Cabrita Point cannot satisfy the requirement for "actual and physical adverse" possession.  The Evans aver that Parcel 6D-8 is an undeveloped and overgrown lot.  To support this argument, the Evans have submitted the affidavit of Juliet Smith ("Smith"), a real estate agent.  (Smith Aff. 2, Exh. 10 Evans' Mem. Supp. Mot. Summ. J.)  Smith avers that she visited Parcel 6D-8 on April 15, 2007, and that it is an undeveloped parcel. (Id.)  She also claims there are neither improvements, nor remnants of any structures. (Id.)  Smith further avers that she took photographs of the property, which the Evans have also submitted, and which show no buildings or structures.  (Id.; Exh. 11 Evans' Mem. Supp. Mot. Summ. J.)

The Evans have also submitted receipts showing that they have paid the taxes on Parcel 6 from 1986 to 2004.  The Evans argue that any payment on No. 6 Estate Nazareth would include payments on parcel 6D-8 since that parcel was never conveyed. The Evans have met their initial burden for summary judgment on Cabrita Point's adverse possession claim.

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 8

To rebut the evidence adduced by the Evans, Cabrita Point is required to put forth evidence showing that there is a material fact in dispute. *Gans*, 762 F.2d at 342 (3d Cir. 1985). In this regard, Cabrita Point has failed. Cabrita Point has not presented any indicia of ownership. Indeed Cabrita Point has not shown that Parcel 6D-8 has any improvements or structures. Cabrita Point has also failed to demonstrate that it paid any taxes.

The absence of evidence of any structures on Parcel 6D-8, or payment of taxes by Cabrita Point belies Cabrita Point's claim of adverse possession. As such, the Evans are entitled to summary judgment as a matter of law on the adverse possession count of Cabrita Point's complaint. *See, e.g., Netsky*, 205 F. Supp. 2d at 461 (granting summary judgment in favor of the defendant where the plaintiff failed to show acts that manifested adverse, continuous, and notorious possession).

**B.  Quiet Title**

Both the Evans and Cabrita Point petition the Court to quiet title to parcel 6D-8 in their favor. The Evans move for summary judgment in their favor on both their quiet title claim and on Cabrita Point's claim. In the Virgin Islands,

> [a]ny person in possession . . . of real property, may
> maintain an action of an equitable nature against
> another who claims an estate or interest therein
> adverse to him, for the purpose of determining such
> claim, estate, or interest.

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 9

28 V.I.C. § 371.  In an action to quiet title, the party claiming good title has the burden of proof. *See Alexander Hamilton Life Ins. Co. of Am. v. Gov't of the Virgin Islands of the United States*, 757 F.2d 534, 541 (3d Cir. 1985)(quoting *United States v. Wilson*, 433 F. Supp. 57, 66 (N.D. Iowa 1977)("[G]enerally, a claimant, whether a Plaintiff or a counterclaiming Defendant, has the burden of persuasion in a quiet title action as to the strength of his or her own title.").

**1. The Evans' claim**

The Evans argue that they hold superior title to parcel 6D-8.  In support of that argument, the Evans have introduced the 1976 Deed, which shows that Parcel No. 6 Estate Nazareth was conveyed to William Houston Evans and James Alderman Evans, Jr. (Exh. 1 Evans' Mem. Supp. Mot. Summ. J.)  The Evans have also introduced the 1982 Deed, which conveyed title to Remainder of Parcel 6D to Peninsula.  (Exh. 2 Evans' Mem. Supp. Mot. Summ. J.) The Evans also point to the 1985 Deed, which shows that Parcels 6D-6, 6D-7, 6O, 6P, and 6G were the parcels conveyed to K.R. Development, which later became Cabrita Point.  (Exh. 6 Evans' Mem. Supp. Mot. Summ. J.)  Additionally, the 1982 Map was introduced to show that Parcel 6D-8 is separate and distinct from Parcel 6D.  (Exh. 3 Evans' Mem. Supp. Mot. Summ. J.)  These facts evidence the strength of the Evans' title in Parcel 6D-8.  They also support the Evans' argument that they never conveyed Parcel

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 10

6D-8 to Cabrita Point's predecessor.  Again, the Evans have
satisfied their initial burden for summary judgment on both
Cabrita Point's quiet title claim and on their own.

Cabrita Point did not file a timely opposition to the Evans'
motion for summary judgment.  Accordingly, Cabrita Point did not
introduce any evidence to refute the facts the Evans argue are
undisputed.  As such, the Evans are entitled to summary judgment
as a matter of law on this count of their complaint.

**2. Cabrita Point's claim**

In its complaint, Cabrita Point seeks to quiet title to
Parcel 6D-8 in its favor.  The Evans seek summary judgment on
Cabrita Point's quiet title claim.  Cabrita Point argues that it
acquired superior title through adverse possession.  However, as
discussed above, in their summary judgment motion, the Evans have
introduced evidence that shows Cabrita Point did not gain title
to Parcel 6D-8 by adverse possession.

Cabrita Point also argues that it obtained legal title to
Parcel 6D-8 through the 1982 Deed.  Specifically, Cabrita Point
asserts that Parcel 6D-8 was conveyed along with Remainder Parcel
6D in the 1982 Deed.  The 1982 Deed conveyed title in Remainder
Parcel 6D to Peninsula.  Peninsula then conveyed title to
Remainder Parcel 6D to what later became Cabrita Point, which was
documented in the 1984 Deed.  In both conveyances, the
description of Remainder Parcel 6D was limited according to what

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 11

was shown in the 1982 Map.  The 1982 Map shows Remainder Parcel 6D and Parcel 6D-8 as separate parcels.

Notwithstanding, Cabrita Point argues that the 1982 Map that is referenced in the 1982 Deed could not exist at the time the deed was signed by the parties.  The 1982 Deed references a date of April 27, 1982, while the 1982 Map references a date of June 14, 1982.  As such, Cabrita Point claims that there is a 'temporal impossibility' regarding the 1982 Map.

While there is some dispute as to the existence of the 1982 Map in April of 1982, there is no dispute that it was in existence in June, 1982, before parcel 6D was conveyed to K.R. Development in 1984.  Moreover, it is undisputed that the map clearly shows that Remainder Parcel 6D and Parcel 6D-8 are separate.  The claimant in an action to quiet title must prove the strength of his or her own title. *Dudley v. Meyers*, 422 F.2d 1389, 1394-1395 (3d Cir. 1970).  Cabrita Point has failed to do so.  As discussed above, the Evans have presented competent evidence that they have superior title to parcel 6D-8.  As such, Cabrita Point's quiet title claim must fail. *See id.* (affirming the dismissal of a quiet title action in which the plaintiffs were unable to prove the strength of their title).  The Evans are entitled to summary judgment on Cabrita Point's quiet title claim.

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 12

**C. Declaratory Judgment**

Both Cabrita Point and the Evans seek a declaratory judgment from the Court that they hold legal title to Parcel 6D-8.  A declaratory judgment in this circumstance has been found to be the functional equivalent of an action to quiet title. *See Porter v. Coco*, 910 A.2d 1187, 1191 (N.H. 2006)("Quiet title petitions essentially seek a declaratory judgment from the court regarding the parties' land interests."); *see also Welch v. State*, 853 A.2d 214, 216 (Me. 2004)(noting that a declaratory judgment is "a particularly efficacious method for quieting title to real property.").

Based on the discussion above, the Evans have shown that they acquired title to Parcel No. 6 Estate Nazareth in the 1976 Deed.  They have introduced the 1982 Deed, conveying title to Remainder of Parcel 6D to Peninsula.  They have shown that the 1985 Deed conveyed parcels 6D-6, 6D-7, 6O, 6P, and 6 G.  The Evans have further introduced the 1982 Map, which shows Parcel 6D-8 is separate from Parcel 6D.  As such, they have shown that they did not convey Parcel 6D-8.

The Evans have shown there are no disputed facts relating to the title to Parcel 6D-8.  As such, the Evans are also entitled to summary judgment as a matter of law on the declaratory judgment count of their complaint, and on the same count of Cabrita Point's complaint.

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 13

**D. Bad Faith Slander of Title**

Both parties also claim that the other has committed bad faith slander of title. The Evans move for summary judgment on the bad faith slander of title count of their complaint, and on the count of Cabrita Point's complaint alleging the same. To prevail on that claim, a claimant must show: (1) a slanderous statement disparaging the claimant's title to interest in land was published; (2) the statement was false; (3) the statement was made with malice or reckless disregard for its falsity; and (4) the statement caused actual damage. *See Sutton v. Culver*, 204 F. Supp. 2d 20 (D. Me. 2002)(discussing Maine law and stating elements); *Stevens v. Meaut*, 264 F. Supp. 2d 226, 234 (E.D. Pa. 2003). Both parties' claims will be discussed in turn.

**1. The Evans' claim**

The Evans argue that Cabrita Point slandered their title to parcel 6D-8 by creating a deed in 2004 that purported to convey parcel 6D-8 from Cabrita Point to Cabrita Grand. In support of their motion, the Evans point to a letter purporting to demand that all parties involved in mortgaging parcel 6D-8 clear title to that parcel. (Exh. 8 Evans' Mem. Supp. Mot. Summ. J.) To the extent the Evans have submitted the letter to show Cabrita Point was on notice that it did not own the Parcel at the time it executed the mortgage, the letter is not competent evidence. The letter is dated September 27, 2004. The mortgages were both

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 14

executed prior to that date, in July of 2004.  As such, the
letter could not have put Cabrita Point on notice that it did not
own Parcel 6D-8 as of the date it executed a mortgage on Parcel
6D-8.

The Evans also argue that Cabrita Point's failure to conduct
due diligence constituted a reckless disregard for the truth.  A
failure to investigate does not amount to reckless disregard for
the truth.  *See Medure v. Vindicator Printing Co.*, 273 F. Supp.
2d 588, 599 (W.D. Pa. 2002)(in a defamation case noting that the
case law is "clear that reckless conduct is not measured by
whether a reasonably prudent man would have published, or would
have investigated before publishing").

In sum, there are disputed material facts that preclude
summary judgment on the Evans' claim for bad faith slander of
title.

**2. Cabrita Point's claim**

As discussed above, the Evans have shown that they hold
legal title to Parcel 6D-8.  As such, Cabrita Point cannot show
that the Evans' statements claiming to own the property was
false.  Accordingly, the Evans are entitled to summary judgment
on Cabrita Point's claim for bad faith slander of title.

**D. Deliberate Interference with Contractual Relations**

Both parties allege a claim of tortious interference with
contractual relations.  The Evans move for summary judgment on

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 15

both their own contractual interference claim and on Cabrita

Point's claim alleging the same.  To establish a claim for

tortious interference with contract, a claimant must show: (1)

the existence of a contract between the complaining party and a

third party; (2) the defendant's knowledge of the contract's

existence; (3) the defendant's intentional and improper

interference with the contract; (4) failure of one party to

perform as the proximate result of the defendant's conduct; (5)

the defendant's intent to harm the complaining party by

interfering with the contract; and (6) that non-performance

resulted in harm to the complaining party.  *See Barefoot*

*Architect, Inc. v. Bunge*, Civil No. 2004-99, 2007 WL 1959167, at

*5 (D.V.I. June 22, 2007)(citing *Gov't Guar. Fund of Republic of*

*Finland v. Hyatt Corp.*, 955 F. Supp. 441, 452 (D.V.I. 1997)); *see*

*also* Restatement (Second) of Torts, § 766 ("One who intentionally

and improperly interferes with the performance of a contract . .

. between another and a third person is subject to liability for

pecuniary loss . . . .").

## 1. The Evans' claim

The Evans argue that Cabrita Point interfered with

contractual relations.  However, the Evans have offered no

evidence regarding a contract that has been interfered with by

Cabrita Point.  The Evans have also not proffered any evidence to

establish that Cabrita Point knew of the existence of that

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 16

contract and intentionally interfered with it.  Indeed, the Evans have adduced insufficient evidence to sustain their summary judgment burden.

### 2. Cabrita Point's claim

In Count V of its complaint, Cabrita Point also alleges that the Evans intentionally interfered with its contractual relations.  The Evans argue that they are entitled to summary judgment on this claim.

As noted above, a party making a claim of deliberate interference with contractual relations must allege the existence of a contract between the complaining party and a third party, among other elements. *See Barefoot Architect*, Civil No. 2004-99, 2007 WL 1959167, at *5.  Count V of Cabrita Point's complaint alleges:

> Based on the aforesaid acts, Defendants have deliberately interfered in the contractual relations of Plaintiff and the present owner, causing Plaintiff to suffer damages, and because of their deliberateness, willfulness and bad faith, entitle Plaintiff to an award of punitive or exemplary damages.

(Cabrita Point's Compl. 6.)  Significantly, Cabrita Point's complaint does not identify a contract with which the Evans have interfered.  Cabrita Point also does not allege that the Evans knew of such a contract.  Cabrita Point simply alleges generally that the Evans "have deliberately interfered in the contractual relations of Plaintiff and the present owner . . . ." (*Id.*)

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Memorandum Opinion
Page 17

Accordingly, Count V will be dismissed as Cabrita Point has
failed to state a claim upon which relief could be granted.  *See,
e.g.*, *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 444 (3d Cir.
1977)("The district court could dismiss for failure to state a
claim upon motion for summary judgment . . . ."); *see also
Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 273
(2d Cir. 1968) ("A motion for summary judgment may be made solely
on the pleadings, when it is so made it is functionally the same
as a motion to dismiss or a motion for judgment on the
pleadings." (quotation omitted)).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant summary
judgment in favor of the Evans on Counts I, II, III, IV, and V of
Cabrita Point's complaint.[2]  The Court will also grant summary
judgment in favor of the Evans on Counts I and II of the Evans
complaint.  Summary judgment will be denied as to Counts III, IV,
and V in the Evans' complaint.  An appropriate order follows.


                                        S_____
                                        **Curtis V. Gómez**
                                        **Chief Judge**

___

[2] At the hearing, the Evans moved to dismiss their counterclaims in
Civil No. 2006-103.  The Court granted that motion.  Accordingly Civil No.
2006-103 is resolved entirely by the order following this opinion. As such,
the only remaining claims in this action will be Counts III, IV, and V in
Civil No. 2006-109.