DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| CABRITA POINT DEVELOPMENT, INC. f/k/a K.R. DEVELOPMENT CORP., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM HOUSTON EVANS and JAMES ALDERMAN EVANS, JR, their heirs, successors, representatives and assigns, and all other persons unknown claiming any right, title, or interest in Parcel No. 6D-8 Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, U.S. Virgin Islands, <br><br> Defendants. | Civil No. 2006-103 |
| WILLIAM HOUSTON EVANS, individually, and TEWATENNIETHA EVANS, as trustee for the JAMES A. EVANS FAMILY REVOCABLE TRUST, <br><br> Plaintiff, <br><br> v. <br><br> CABRITA POINT DEVELOPMENT, INC. f/k/a K.R. DEVELOPMENT CORP., it heirs, successors, representatives and assigns, and CABRITA GRAND ESTATES, LLC, it heirs, successors, representatives and assigns, and FIRST BANK PUERTO RICO, and all other persons unknown claiming any right, title, estate, lien, or interest in Parcel No. 6D-8 Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, U.S. Virgin Islands <br><br> Defendants. | Civil No. 2006-109 |

**APPEARANCES:**

**James Bernier Jr. Esq.,**
St. Thomas, U.S.V.I.
   *For William Houston Evans, Tewatennietha Evans, and the*
   *James A. Evans Family Revocable Trust*

**Matthew J. Duensing. Esq.,**
St. Thomas, U.S.V.I.
   *For William Houston Evans, Tewatennietha Evans, and the*
   *James A. Evans Family Revocable Trust*

**Susan Bruch Moorehead, Esq.,**
St. Thomas, U.S.V.I.
   *For Plaintiff Cabrita Point Development, Inc. f/k/a K.R.*
   *Development Corp.*

**Mark D. Hodge, Esq.,**
St. Thomas, U.S.V.I.
   *For Cabrita Grand Estates,*

**Kyle Waldner, Esq.**
St. Thomas, U.S.V.I.
   *For Plaintiff Cabrita Point Development, Inc. f/k/a K.R.*
   *Development Corp.,*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of William Houston Evans and Tewatennietha Evans as trustee for the James A. Evans Family Revocable Trust (collectively, the "Evanses") to set aside the settlement agreement between it and Cabrita Point Development, Inc. f/k/a K.R. Development Corp. ("Cabrita Point").

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court has already set forth the factual and procedural background of this case in detail. The Court therefore recites only those facts necessary for resolution of the pending matters.

In a deed dated November 26, 1976, and recorded December 9, 1976 (the "1976 Deed"), the Evanses took title to Parcel No. 6, Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas, U.S. Virgin Islands, as shown on PWD-No. G9-549-T60 (the "Parcel").

Thereafter, on January 9, 1985, the Evanses transferred parts of Parcel 6 to K.R. Development. Specifically, the Evanses transferred Parcels 6D-6, 6D-7, 6O, 6P, and 6G Estate Nazareth, No. 1 Red Hook Quarter, St. Thomas. This deed was recorded on March 19, 1985.

Subsequent to the above conveyances, various transactions occurred encumbering Parcel 6D-8. On June 23, 2004, Cabrita Point, by warranty deed, purported to convey title to Parcel 6D-8 to Cabrita Grand Estates, LLC ("Cabrita Grand"). On July 9, 2004, Cabrita Grand signed a first priority mortgage on Parcel 6D-8 in favor of First Bank Puerto Rico. On that same day, a second priority mortgage in favor of Cabrita Point was also signed by Cabrita Grand.

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Order
Page 3

On August 19, 2004, James Evans, Jr. and Tewatennietha Evans conveyed title to Parcel 6D-8 by quit claim deed ("2004 Deed") to the James A. Evans Family Revocable Trust.  The 2004 deed was recorded on April 19, 2006.

On March 3, 2006, Cabrita Point filed a five-count complaint against the Evanses (the "Cabrita Point Complaint").  The Cabrita Point Complaint alleged claims of adverse possession, bad faith slander of title, and deliberate interference with contractual relations.  Cabrita Point also sought to quiet title and to obtain a declaratory judgment with regard to Parcel 6D-8.  The Evanses filed an answer to Cabrita Point's complaint in which they raised four counterclaims.  Similar to Cabrita Point's claims, the Evanses sought to quiet title and to obtain a declaratory judgment with regard to the ownership of Parcel 6D-8.  The Evanses also alleged counterclaims of bad faith slander of title and deliberate interference with contractual relations.  That action was captioned under Civ. No. 2006-103.

Subsequently, Cabrita Grand filed cross-claims against Cabrita Point for misrepresentation and breach of warranty of title.

Thereafter, on July 12, 2006, the Evanses filed a separate action in this Court, captioned at Civ. No. 2006-109 (the "Evanses Complaint") against Cabrita Point and Cabrita Grand. In Civ. No. 2006-103, the Evanses alleged identical claims to their counterclaims alleged in Civ. No. 2006-109.

Subsequently, this matter came on for a hearing on the summary judgment motion. On the day of the hearing, Cabrita Point still did not file its opposition brief. The Court denied Cabrita Point's motion for an extension, noting that Court-ordered deadlines are not suggestions, but are orders of the Court that require compliance.

At the hearing, the Court granted summary judgment in favor of the Evanses on counts I (adverse possession), II (quiet title), III (declaratory judgment), IV (slander of title), and V (deliberate interference) of the Cabrita Point Complaint. The Court also granted summary judgment in favor of the Evanses on counts I (quiet title) and II (declaratory judgment) of the Evanses complaint. The Court denied summary judgment as to counts III (slander of title) and IV (deliberate interference) of the Evanses complaint.

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Order
Page 3

Thereafter, Cabrita Point filed a motion to reconsider, vacate, or reopen judgment. The Court denied Cabrita point's motion.

The Evanses, Cabrita Point, and Cabrita Grand filed a stipulation to dismiss claims by and against Cabrita Grand, and void the warranty deed from Cabrita Point to Cabrita Grand. The Court granted the stipulation to dismiss.[1]

Subsequently, the Court ordered the parties to mediate all outstanding claims. On May 24, 2011, the parties held a mediation conference with the Magistrate Judge.

At the mediation conference Cabrita Point agreed to pay $245,000 to the Evanses in exchange for a deed to parcel 6D-8. The payment was to be made 60 days from May 24, 2011. All parties agreed that these were the major terms of the settlement. According to the Magistrate Judge's mediation report, the parties were to submit a stipulation agreement and/or notice of dismissal within 30 days of the mediation.

On September 8, 2011, the Evanses moved to set aside the settlement agreement.

---

[1] In the Judgment the Court voided the June 23, 2004 Warranty Deed from Cabrita Point to Cabrita Grand for Parcel No 6D-8. It further dismissed with prejudice all of the claims of the Evans against Cabrita Grand. It dismissed with prejudice all of the claims of Cabrita Grand against Cabrita point. The Court also dismissed all claims of Cabrita Point against Cabrita Grand, with prejudice.

## II. DISCUSSION

In the Third Circuit, "[a]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *see also Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 436 (3d Cir. 2005). "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. by M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). In the Virgin Islands, counsel may enter into a settlement agreement on his client's behalf when he has actual or apparent authority to do so. *See Edwards v. Born, Inc.*, 792 F.2d 387, 389-90 (3d Cir. 1986).

The construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See, e.g., Vargo v. Mangus*, 94 Fed. Appx. 941, 943 (3d Cir. 2004); *New York State Electric & Gas Corp. v. Federal Energy Regulatory Commission*, 875 F.2d 43, 45 (3d Cir. 1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay*, 139 F. Supp. 2d 679, 685 (D.V.I. 2001). The

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Order
Page 3

local law generally applicable to contracts in the Virgin Islands is the Restatement (Second) of Contracts. *Ventura v. Pearson*, Civ. No. 60-1980, 1980 V.I. LEXIS 88, at *111 n.2 (Terr. Ct. July 31, 1980) (citing 1 V.I.C. § 4).

The essential prerequisites for the creation of a valid contract is "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Univ. of the V.I. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. App. Div. 2002); Restatement (Second) of Contracts § 17 (1981). "Consideration" requires a performance or a return promise that has been bargained for. Restatement (Second) of Contracts § 17. Where there is no mutual assent, or no meeting of the minds, there is no contract. *James v. Fitzpatrick*, Civ. No. 885-1989, 1990 V.I. LEXIS 22, at *4 (Terr. Ct. Oct. 30, 1990).

### III. ANALYSIS

**A. The Settlement Agreement**

"The parties' objective manifestations control in deciding whether they formed a contract by mutual assent." *HSM Constr. Servs., Inc. v. MDC Sys., Inc.*, 239 Fed. App'x 748, 751 (3d Cir. 2007). Manifestations of assent may be made through either words or conduct. *See* RESTATEMENT (SECOND) OF CONTRACTS § 18, 19 (1979). The beginning or tender of performance may also operate

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Order
Page 3

as a manifestation of assent. RESTATEMENT (SECOND) OF CONTRACTS § 18 cmt. b (1979).

    Here, the agreement recited on the record detailed the terms of the settlement. The transcript of the record provides,

> THE COURT: And this would be -- the case is known as 2006-103 and 2006-109, and the caption for 109 being William Houston Evans, et al., versus Cabrita Point Development Inc. We have agreed to the terms of a settlement of these matters. And the terms, as I understand them, are as follows. The Cabrita Point Development parties will pay $245,000 to the Evans' parties for a deed to the property known as 6D8 Estate Nazareth. Is that the correct designation?
>
> MR. DUENSING: 6D-8.
>
> THE COURT: 6D-8. The paperwork, in order to complete the transfer of that property to Cabrita Point, will be accomplished by
> the Smock firm, as well as the directing of the other settlement documents that might be necessary. The closing of this transaction will be payment of cash within 60 days of today's date. The parties will execute mutual releases and the cases, the two cases will be dismissed with no appeals to follow.
> Is this your understanding, Mr. Duensing?
>
> MR. DUENSING: It is, Your Honor. The only other caveat that I would add is it's our understanding that this deal is based upon the assumption that the sellers would not be paying a stamp tax as part of the transaction.
>
> THE COURT: As I understand it, the transaction is contemplated to be one without a stamp tax payable
>
> . . .
>
> MR. WALDNER: Kyle Waldner, Smock and Moorehead, on behalf of Cabrita Point. I would make the same caveat that Attorney Duensing just made.

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Order
Page 3

>       . . .
>
>       THE COURT: . . . All right. So is it your understanding you, I
>       think confirmed, Mr. Duensing, that I recited the terms correctly --
>
>       MR. DUENSING: That's correct, Your Honor.
>
>       THE COURT: -- of the settlement? And, Mr. Waldner, would you confirm that as well?
>
>       MR. WALDNER: That's correct, Your Honor.
>
>       THE COURT: And Ms. Evans, would you mind putting your appearance on the record as well and confirming that it's your understanding of how the case will be settled.
>
>       MS. EVANS: I confirm that.
>
>       THE COURT: Thank you very much.
>
>       And Mr. Hodge?
>
>       MR. HODGE: Yes we agreed.[2]

(H'rg Tr. at 1-5).

The parties' oral acceptance evidences the parties' meeting of the minds and mutual assent to those terms. *See, e.g., Tracy v. Kimberly-Clark Cop.*, 74 Fed. App'x 44, 47 (Fed. Cir. 2003) ("A meeting of the minds between the parties occurs where there has been assent to all the essential terms and conditions."); *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 756 (8th Cir.

---

[2] Mr. Hodge is the president and owner of Cabrita Point. In a sworn affidavit he asserts he appeared on behalf of Cabrita Point Development at the settlement conference. (Joseph Hodge Aff. ¶ 3).

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Order
Page 3

1996) ("To be enforceable, a settlement agreement must be based upon a meeting of the minds on the essential terms of the agreement.") (citation and internal quotation marks omitted).

Moreover, the recited terms of the agreement established that it was supported by consideration on both sides. *See, e.g.*, *Channel Home Ctrs., Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 299 (3d Cir. 1986) (noting that "of course, there must be consideration on both sides . . . for enforceability of a[] [settlement] agreement") (applying Pennsylvania law); *Shernoff v. Hewlett-Packard Co.*, No. 04-4390 (JAP), 2006 U.S. Dist. LEXIS 87518 at *7 (D.N.J. Dec. 4, 2006) ("Plaintiff and Defendant agreed to the essential terms of the settlement, namely, that Plaintiff would forego her claims against Defendant and surrender her options to purchase HP stock in return for a payment of $37,500.").

In *Nicholas v. Wyndham Int'l, Inc.*, Civil No. 2001-147 (CVG), 2007 U.S. Dist. LEXIS 91829 (D.V.I. Nov. 20, 2007), this Court entered judgment on a settlement agreement where the parties had recited the essential terms of it before the Court. *Id*. at *13. After the recitation, the defendants refused to sign a written settlement agreement. *Id.* at *8. This Court held that the recitations of the parties were binding and covered all

*Cabrita Pt. Dev., Inc. v. Evans, et al.*
Civil Nos. 2006-103, 2006-109
Order
Page 3

essential terms. *Id.* at *6-13. Accordingly, this Court entered a judgment approving the settlement agreement. *Id.* at *21. Here, as in Wyndham, the essential terms of the settlement agreement have been recited on the record. Because the recited settlement agreement covers all the terms of the agreement, it is a binding contract on the parties and may be approved by this Court.

Based on the settlement agreement, the Court finds that the parties agreed to the following essential terms:

1. Cabrita Point was to pay $245,000 to the Evanses.

2. The Evanses were to deed parcel 6D-8 to Cabrita Point.

3. The transaction was to be one without a stamp tax.

4. In the event there was a stamp tax, the parties were to split the cost of the stamp tax equally.

5. The parties agreed to dismiss their cases, Civ. Nos. 2006-103 and 2006-109.

6. The parties further agreed to forego any appeals in Civ. Nos. 2006-103 and 2006-109.

7. The closing of the transaction was to take place within 60 days of May 24, 2011.

## IV. CONCLUSION

For the foregoing reasons, an appropriate judgment approving the settlement will be entered.